








```
ANDY    4/5/01    8:26
3:01-CV-00496   SEC V. PINNFUND USA, INC
*49*
*O.*
```



**ORIGINAL**

FILED

APR - 2 2001

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PINNFUND USA, INC., PEREGRINE FUNDING, INC., ALLIED CAPITAL PARTNERS, GRAFTON PARTNERS, SIX SIGMA, LLC A/K/A 6 SIGMA, LLC, MICHAEL J. FANGHELLA, JAMES L. HILLMAN, RELIANCE HOLDINGS, LLC, and KELLY COOK, A/K/A KELLY JAYE A/K/A KELLY SPAGNOLA,<br><br>Defendants. | Case No. 01-CV-496 H (LAB)<br><br>[~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER AND ORDERS: (1) FREEZING ASSETS; (2) FOR REPATRIATION; and (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS AS TO DEFENDANT MICHAEL J. FANGHELLA |

49

ENTERED ON 4/4/01

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") Ex Parte Application for a Temporary Restraining Order and Orders: Freezing Assets, Appointing a Temporary Receiver, Repatriating Assets, Prohibiting Destruction of Documents, Granting Expedited Discovery, for Accountings and to Show Cause Re Preliminary Injunction, and Appointment of a Permanent Receiver (the "Application").

The Court, having considered the Commission's Complaint, the Application, the Memorandum of Points and Authorities and the Declarations and other documents filed in support of the Application, and all other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendant Michael J. Fanghella ("Fanghella"), has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business which constitute violations of Sections 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action.

D. Good cause exists to believe that Fanghella will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

I.

IT IS ORDERED that defendant Fanghella, and his officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

II.

IT IS FURTHER ORDERED that defendant Fanghella, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

III.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Fanghella and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other property, wherever located, of defendant Fanghella, owned by, controlled by, or in the possession or custody of any of them.

IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to

be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Fanghella or any trust, partnership, joint venture, person or entity affiliated with Fanghella.

V.

IT IS FURTHER ORDERED that Defendant Fanghella, and his agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

VI.

IT IS FURTHER ORDERED that the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him in carrying out his duties and obligations, shall be paid by defendant Fanghella and/or from any funds that the permanent receiver recovers for ultimate disgorgement in this action. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses,

shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

VII.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Fanghella and continuing access to inspect his funds, property, assets and collateral, wherever located.

VIII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Fanghella, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants PinnFund, Peregrine, Allied, Grafton, Sigma, Fanghella and Hillman.

IX.

IT IS FURTHER ORDERED that within thirty days from the date of this Order, Fanghella shall transfer to a trust account fund of the Receiver all assets, funds, and other property that is presently

held in foreign locations in the name of Fanghella, or for the benefit or under the control of Fanghella, or over which Fanghella exercises actual investment or other authority, including signatory authority.

X.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendant Fanghella, and his agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other property, to any foreign locations in the name of PinnFund, Peregrine, Allied, Grafton, Sigma, Fanghella, or Hillman, or for the benefit or under the control of any of them, or over which any of them exercises actual investment or other authority, including signatory authority.

XI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out

\*\*\*

\*\*\*

\*\*\*

\*\*\*

\*\*\*

the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: April 2, 2001

MARILYN L. HUFF, Chief Judge
UNITED STATES DISTRICT COURT

Presented by:

Nicolas Morgan
Attorney for Plaintiff
Securities and Exchange Commission